**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID T. SHULICK,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 11-3809** |
| | : | |
| **EXPERIAN, et al.,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

**STENGEL, J.**                                **September 15, 2011**

David Shulick alleges various violations of the Fair Credit Reporting Act by numerous defendants.  Defendants VW Credit, Inc. ("VW Credit") and Department Stores National Bank ("DSNB") (together, "Defendants") filed motions to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants claim that a private cause of action has not been established and that Mr. Shulick has failed to allege an essential claim for relief.  For the reasons set forth below, I will deny the motions.

# I.    BACKGROUND

Experian, Equifax, and Transunion are credit reporting agencies that collect credit information and provide credit reports to authorized parties.  See 11-3809 Compl. ¶ 2; 11-3810 Compl. ¶ 2; 11-3811 Compl. ¶ 2.  The credit reporting agencies collect credit information concerning an individual from "furnishers" of information such as VW Credit and DSNB.  Furnishers collect information from a transaction between a consumer

and an entity such as the payment of a credit card statement or the acquisition of a car loan.  Credit reporting agencies then compile all the credit information for an individual and calculate a credit score, a measure of an individual's credit worthiness.

On December 23, 2009, Mr. Shulick retrieved his credit reports from Experian, Equifax, and Transunion (which contained credit scores of 707, 717, and 707, respectively) and noticed that they contained many errors.  11-3809 Compl. ¶ 11; 11-3810 Compl. ¶ 13; 11-3811 Compl. ¶ 10.  Mr. Shulick contends that he disputed these errors prior to December 23, 2009 via written notice to each reporting agency and to the relevant furnishers.  Id.  In August 2010, Mr. Schulick sued the reporting agencies for violations of the Fair Credit Reporting Act but eventually withdrew the suits without prejudice after each assured him that the errors would be corrected.  Id.  Mr. Shulick inspected his credit reports from all three agencies again in May of 2011, and noticed much of the same incorrect information that appeared in the reports in December of 2009.  11-3809 Compl. ¶ 12; 11-3810 Compl. ¶ 14; 11-3811 Compl. ¶ 11.  He subsequently filed suit against the reporting agencies and the furnishers who allegedly provided the incorrect information to them.  See All Compls. (seeking recovery of damages under 15 U.S.C. § 1681(n) and (o), which provide civil liability for willful noncompliance and negligent noncompliance with the provisions of the statute).

## II.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for a failure to state a claim examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The

factual allegations in the complaint must amount to a sufficient claim for relief and must not be merely speculative. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). When a court is determining whether to grant a motion to dismiss, it must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. <u>Id.</u>; <u>see also</u> <u>D.P. Enters. v. Bucks Cnty. Cmty. Coll.</u>, 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which a claim is based. <u>Conley</u>, 355 U.S. at 47. The Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the claim and the rationale behind it. <u>Id.</u> The claim must contain enough facts that suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 556). Neither "bald assertions" nor "legal conclusions" are accepted as true. <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

## III.   DISCUSSION

The FCRA was enacted to protect consumer privacy and ensure fair and accurate credit reporting. <u>Taggart v. Wells Fargo Mortg., Inc.</u>, No. 10-843, 2010 WL 3769091, at *10 (E.D. Pa. Sept. 27, 2010). The FCRA assigns different duties to credit reporting agencies and furnishers of information. Furnishers of information are prohibited from reporting information to credit reporting agencies when they possess actual knowledge that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A) (2010) ("A person shall

not furnish any information relating to a consumer to any consumer reporting agency if

the person knows or has reasonable cause to believe that the information is inaccurate.").

There is no private cause of action under subsection (a), only certain federal agencies and

state and federal officials have authority to enforce furnisher obligations under section

(a).  15 U.S.C. § 1681s-2(c).  However, there is a private right of action against a

furnisher with respect to § 1681s-2(b) which provides after receiving notice of a dispute

between an individual and a credit reporting agency, a furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>> (i) modify that item of information;
>> (ii) delete that item of information; or
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1) (2010).  A credit reporting agency that is notified of a dispute

by a consumer shall "conduct a reasonable reinvestigation to determine whether the

disputed information is inaccurate and record the current status of the disputed

information . . . before the end of the 30-day period beginning on the date on which the

agency receives [the consumer's dispute]."  15 U.S.C. § 1681i(a)(1)(A) (2010).

Defendants' motions to dismiss rest on the allegation that Mr. Shulick failed to allege that Experian, Equifax, or Transunion forwarded notice of a dispute to the furnishers, an essential element of the claim.  DSNB Mem. Supp. Mot. to Dismiss at 4-5; VW Credit Mem. Supp. Mot. to Dismiss at 1.  Defendants contend that although a private cause of action exists under Section 1681s-2(b) of the FCRA, Mr. Shulick has failed to allege that defendants acted or failed to act as a result of notice received from Experian, Equifax, or Transunion.  Id.  Their argument is that without an allegation that Defendants received notice of a dispute from Experian, Equifax, or Transunion and then violated the duties imposed by 15 U.S.C. § 1681s-2(b)(1) (2010), Mr. Shulick has failed to allege a condition precedent to a finding of liability.  Id.

Plaintiff's cause of action largely rests on whether Experian, Equifax, or Transunion notified the furnishers of information, namely DSNB and VW Credit, of plaintiff's dispute.  In Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001), with facts similar to this case, the Court denied a furnisher's motion to dismiss plaintiff's FCRA claim.  The plaintiff claimed the furnisher reported false credit information about him stemming from a delinquent credit account that did not belong to the plaintiff.  Id. at 358.  The plaintiff disputed the inaccurate information with the furnisher and the credit reporting agency.  Id.  The plaintiff did not allege that a consumer reporting agency had notified a furnisher of information of a dispute as the private cause of action under the FCRA requires.[1]  15 U.S.C. § 1681s-2(b)(1) (2010)

---

[1] "In order to state a claim under section 1681s-2(b), the plaintiff must allege that: (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher

("After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency. . .").

Nonetheless, the Court held that discovery would determine whether notice of a dispute had been forwarded by the credit reporting agency and thus denied the motion to dismiss. <u>Jaramillo</u>, 155 F. Supp. 2d at 363.  Here, Mr. Shulick disputed information on his credit report with at least the credit reporting agencies.  Compl. 11-13.  In <u>Jaramillo</u>, the Court observed that the plaintiff could not know, short of discovery, whether the credit reporting agency had forwarded the report of inaccurate information to a furnisher of information.  155 F. Supp. 2d  at 363.  After discovery, it will be clear whether a plaintiff has a cause of action against the furnisher of information in addition to the credit reporting agency.  <u>Id.</u>

Mr. Shulick has sufficiently pled that he notified a credit reporting agency such that a motion to dismiss the complaint should not be granted.  <u>See</u> Compl. ¶ 11-13.  Section 1681s-2(b) creates a private right of action and plaintiff has sufficiently pled a case to withstand a motion to dismiss at this stage.  Mr. Shulick could not have known whether Experian, Equifax, or Transunion forwarded notice of the dispute to DSNB or VW Credit.  When this information is provided to Mr. Shulick during discovery, it will become clear whether he has a cause of action against DSNB and VW Credit, or solely against the credit reporting agencies.  At that point, DSNB and VW Credit will have an

---

of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." <u>Ruff v. America's Servicing Co.</u>, No. 07-0489, 2008 WL 1830182, at *4 (W.D. Pa. 2008).

opportunity to renew its motion to dismiss if it has not been established that DSNB or

VW Credit received notice of the dispute from Experian, Equifax, or Transunion.

Accordingly, I will deny DSNB and VW Credit's motions to dismiss for failure to state a

claim.

An appropriate Order follows.